# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MISA AMANE,**
**Claimant Below, Petitioner**

**vs.)    No. 22-ICA-304    (JCN: 2021012068)**

**PAS PARENT, INC.,**
**Employer Below, Respondent**

**FILED**
**April 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Misa Amane appeals the November 15, 2022, order of the Workers' Compensation Board of Review ("Board"), which affirmed the claim administrator's denial of a permanent partial disability ("PPD") award. Ms. Amane's employer, Respondent Pas Parent, Inc., ("Pas"), filed a timely response.[1] Ms. Amane did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order denying Ms. Amane a PPD award for contact dermatitis and eczema.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Amane was employed by Pas as a lab technician. In the course of her employment, she sustained a chemical burn injury to her left hand on December 10, 2020. Ms. Amane was acid washing with hydrochloric acid at the time of her injury. Ms. Amane was seen at Beckley Area Regional Hospital ER the same day and complained of hydrochloric acid burns to her left middle and left index finger. Ms. Amane reported experiencing burning and pain at the onset, which had resolved by the time she was seen at the ER. She was diagnosed with a chemical burn to fingers on her left hand. The medical provider indicated that Ms. Amane could return to work on December 30, 2020.

On December 23, 2020, Ms. Amane had a telehealth visit with Access Health. She complained of limited motion in her middle and index fingers secondary to the chemical burn healing process and possible scar formation.

---

[1] Ms. Amane is represented by Reginald D. Henry, Esq. and Lori J. Withrow, Esq. Pas is represented by Jeffrey M. Carder, Esq.

1

Ms. Amane was evaluated by Syed A. Zahir, M.D., an orthopedic surgeon specializing in hands, on December 29, 2020. Dr. Zahir found that the blisters had ruptured, and he noted thickening of the skin on the left index and middle finger.

On January 13, 2021, Ms. Amane was seen at Cabell Huntington's ER. She stated she had some reduced range of motion in the left hand, her scar tissue was cracking, she had decreased grip strength, and she had difficulty performing her job duties.

Ms. Amane was seen by Dr. Zahir on January 29, 2021. She complained to Dr. Zahir of difficulties performing her job and difficulty holding onto objects. Dr. Zahir's notes indicate that the wound was epithelizing with some skin damage on her left index finger. He opined that Ms. Amane should be kept from doing intricate work with her left hand and especially be kept away from chemicals at the present time. Dr. Zahir recommended a consultation with a skin specialist.

Ms. Amane visited the Dermatology Centers in February 2021. The examination revealed dermatitis on the left index finger, left middle finger, left ring finger, left thumb, and right thumb. Her arms were also dry and scaling consistent with atopic dermatitis. Ms. Amane was noted to have a history of atopic dermatitis to the hands and arms. The diagnosis was eczema and atopic dermatitis. She was seen again on April 14, 2021, and diagnosed with dermatitis on the right middle finger, right thumb, right ring finger, left thumb, left index finger, left thumb, and left middle finger.

On May 13, 2021, the claim administrator held the claim compensable for chemical burn to the left middle and index fingers.

Ms. Amane was again seen by Dr. Zahir on May 20, 2021. He found that she had a considerable amount of skin changes present in the left index and middle fingers. Dr. Zahir recommended further evaluation by a dermatologist. On July 29, 2021, Dr. Zahir completed a Diagnosis Update form with a primary diagnosis of chemical burn unspecified degree of multiple left fingers and a secondary diagnosis of contact dermatitis.

On August 30, 2021, Ms. Amane was evaluated by Jennifer Lultschik, M.D., who specializes in occupational medicine. Dr. Lultschik opined that after Ms. Amane's burns healed in early 2021, she began experiencing skin fissuring with regular use and hand washing. Dr. Lultschik found no clinical studies or other medical evidence that indicated localized chemical burns would cause general aggravation of atopic dermatitis. Dr. Lultschik opined that Ms. Amane had reached maximum medical improvement for her compensable injury. Dr. Lultschik found no evidence of scarring or contracture resulting from Ms. Amane's compensable injury. Dr. Lultschik used the American Medical Association's *Guides to the Evaluation of Permanent Impairment,* (4th ed. 1993) ("*Guides*") and determined that Ms. Amane had no ratable impairment for her compensable injury.

Ms. Amane was seen by Erica Ghareeb, M.D., a dermatologist, on September 20, 2021. Ms. Amane complained of continuing episodes of painful dryness, scaling, and fissuring of her hands and fingertips. Dr. Ghareeb diagnosed her with contact dermatitis with a component of dyshidrotic eczema.

The claim administrator issued an order dated October 13, 2021, which granted Ms. Amane no PPD award based on the report of Dr. Lultschik.

On January 10, 2022, Ms. Amane was deposed. She testified that she had been diagnosed with eczema on her arms as a child, but she had not been treating it because it was not bad enough to bother her. She testified that she had never been diagnosed with, or treated for, contact dermatitis on her left index or middle fingers. She further testified that during the accident, she also got acid on her right hand as she was attempting to rinse it off her left hand, but the skin was burned only on the left hand. Ms. Amane testified that, since then, she has experienced symptoms on both hands, including the reopening of wounds on her right index finger, although the symptoms are more severe on the left hand.

Ms. Amane was evaluated on March 28, 2022, by Bruce Guberman, M.D., who specializes in occupational medicine. Dr. Guberman opined that Ms. Amane developed dermatitis as a result of her compensable chemical burns to the left index and middle fingers. Using the *Guides*, Dr. Guberman opined that Ms. Amane had a 3% whole person impairment ("WPI") for range of motion abnormalities and a 5% WPI for dermatitis of the left index and middle fingers. Dr. Guberman combined the impairments to a total WPI of 8%. Dr. Guberman did clarify that if dermatitis was not found to be compensable, then Ms. Amane has a total WPI of 3% for loss of range of motion.

On July 22, 2022, Ms. Amane was evaluated by Joseph Grady, M.D. Dr. Grady diagnosed Ms. Amane with healed partial thickness burns to her left index and middle fingers. Dr. Grady used the *Guides* and found that Ms. Amane had no ratable impairment related to her compensable injury. Specifically, Dr. Grady found no evidence of sensory or range of motion impairment. Dr. Grady opined that Ms. Amane had a 5% impairment for atopic dermatitis of the bilateral upper extremities, but Dr. Grady did not associate Ms. Amane's dermatitis with the compensable injury.

The Board issued an order dated November 15, 2022, affirming the claim administrator's October 13, 2021, order, which had granted Ms. Amane no PPD award. Ms. Amane appeals that order.

Meanwhile, this Court held in *Amane v. Pas Parent, Inc*., No. 22-ICA-102, 2023 WL 152497 (W. Va. Ct. App. Jan. 10, 2023) (memorandum decision), that the Office of Judges, as affirmed by the Board, did not err in finding that Ms. Amane failed to establish that her ongoing issues with dermatitis were related to her compensable injury.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, __ W. Va. __, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Ms. Amane argues that the preponderance of the evidence establishes that her dermatitis was caused by the compensable injury. Ms. Amane further argues that the Board did not consider the record as a whole when it determined that she did not have range of motion abnormalities.

The Board found that Dr. Guberman's report was not persuasive as he rated a noncompensable injury, found that Ms. Amane dermatitis was related to her compensable injury, and found that Ms. Amane had range of motion impairment. The Board found that the reports of Drs. Lultschik and Grady were the most persuasive. Both Drs. Grady and Lultschik found that Ms. Amane had no range of motion impairment and that her atopic dermatitis was not related to her compensable injury.

After review, we conclude that the Board was not clearly wrong in finding that Ms. Amane failed to establish that she has any permanent impairment as a result of her compensable injury.

Finding no error in the Board's November 15, 2022, order, we affirm.

Affirmed.

**ISSUED:** April 10, 2023

4

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen